(111 So. 755)

### EDMONDS v. SCHREIBER. (6 Div. 24.)

(Court of Appeals of Alabama. March 22, 1927.)

C. E. Wilder, of Birmingham, for appellant.

Harris Burns, of Birmingham, for appellee.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J. Appellant brought suit against appellee for the sum of $225, alleged to be due and payable by the defendant to plaintiff by account for fees and services as attorney in the circuit court of Jefferson county, Ala.

The trial of this case involved only a question of fact, and the evidence adduced was without conflict or dispute. The court therefore properly directed the jury in writing to the effect that their veridct should be in favor of the plaintiff. The jury returned a verdict in favor of plaintiff for $25; whereupon plaintiff made motion to set aside the verdict of the jury and grant a new trial, and, as grounds for said motion, insisted that the verdict was inadequate; that it was contrary to the evidence; that it was contrary to law; that it was founded upon bias, prejudice, mistake, or compromise, etc. From the action of the court in overruling said motion the plaintiff appeals.

The law is that, where the weight of the evidence against a verdict is so great as to convince the appellate court that the substantial ends of justice require the granting of a new trial, the ruling of the lower court denying a new trial will be reversed. In the instant case the evidence shows, without dispute, that the defendant was indebted to the plaintiff in a sum ranging from $175 to $250, and upon such sum as was due the plaintiff claimed, and was entitled to recover, interest. The verdict of the jury was so clearly contrary to any evidence in this case, and under the undisputed evidence was so inadequate, the court should have promptly granted the motion by setting aside the verdict and ordering a new trial of this cause in order that justice should be done, for the high and sacred duty rests upon a court of original jurisdiction to see that justice is administered, and, where it appears, as it does appear here, that a miscarriage of justice has been had, the presiding judge should promptly right the wrong. A jury cannot be permitted to wantonly and defiantly disregard the evidence in a case, nor can it be allowed to substitute its judgment and conclusion for the evidence, where, as here, there was no dispute. No further discussion appears necessary. The action of the court in overruling the motion for a new trial is reversed. The motion for new trial is granted. The cause is remanded.

Reversed, rendered, and remanded.